FILED

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

2007 JAN 26 P 2: 51

**GEORGE A. CLARK,**

    **Plaintiff,**

v.                            Case No.: 4:06-cv-118-HES

**PHOEBE PUTNEY MEMORIAL**
**HOSPITAL, ET AL.,**

    **Defendants.**

## ORDER

Before the Court is Plaintiff's Motion to Recuse (Doc. No. 37, filed December 13, 2006) and Responses filed by the Defendants. (Doc. No. 38, filed January 2, 2007 & Doc. No. 39, filed January 3, 2007.)

The Plaintiff's Motion requests that the undersigned recuse himself from this case because the Plaintiff has sued the undersigned, see Clark v. Schlesinger, et. al., 1:06-cv-152[1], and because the undersigned has shown personal bias against the Plaintiff. Plaintiff asserts in his affidavit that filing a lawsuit against the undersigned "would really make him angry and prejudice any decision made in said lawsuit by the above named judge." (Mot. to Recuse, Aff. ¶ 1.) Plaintiff also claims that "this Court lost jurisdiction of this case when the Complaint was filed [against the undersigned]. ..." Id.

---

[1] In his suit, the Plaintiff has also named Judges Hugh Lawson and J.L. Edmondson as defendants. Plaintiff has subsequently filed a motion seeking to dismiss the undersigned as a party in that case. (Clark v. Schlesinger, Doc. No. 9, filed December 1, 2006.)

1

As an example of the Court's alleged bias, Plaintiff argues that the Court improperly ruled on a motion filed by Defendant Calhoun (Doc. No. 23, filed November 9, 2006) on behalf of several defendants requesting the Court to declare Plaintiff's Motion to Comply with Local Rule 7.1 moot, since all corporate defendants had filed the required disclosure statements. (Doc. No. 36, entered December 1, 2006.) The Plaintiff's argument fails.

In his Motion, Plaintiff claims that he has a statutory right to the appointment of another Judge under 28 U.S.C. § 144. 28 U.S.C. § 144 provides:

Bias or Prejudice of judge

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

As noted, 28 U.S.C. § 144 requires that a party file an affidavit stating "the facts and the reasons for the belief that bias or prejudice exists." While the trial judge may not pass upon the truthfulness of the affidavit's allegations, the court must determine whether the facts set forth in the affidavit are legally sufficient to require recusal. United States v. Serrano, 607 F.2d 1145, 1151 (5th Cir. 1979); Davis v. Bd. of School Commissioners, 517 F.2d 1044, 1051 (5th Cir. 1975), cert. denied 425 U.S. 944 (1976); Fowler v. United

2

States, 699 F. Supp. 925 (M.D. Ga. 1988). To establish the legal sufficiency of the facts, the Plaintiff must show: (1) the facts are material and stated with particularity; (2) the facts are such that, if true, they would convince a reasonable person that a bias exists; and (3) the facts show the bias is personal, as opposed to judicial in nature. Parrish v. Bd. of Commissioners of Alabama State Bar, 524 F.2d 98, 100 (5th Cir. 1975) (en banc), cert. denied, 425 U.S. 944 (1976); see also United States v. Grinnell Corp., 384 U.S. 563, 583 (1966) (finding that to be disqualifying, the alleged source of prejudice must stem from an extrajudicial source).

Plaintiff's Motion fails to comport with 28 U.S.C. § 144 in that the accompanying affidavit fails to adequately "state the facts and the reasons for the belief that bias or prejudice exists." Plaintiff's affidavit is merely a conclusory iteration of his own assumptions concerning the effect that his filing a lawsuit would have on the undersigned. Furthermore, the action that Plaintiff claims demonstrates bias against him relates to this Court's handling of this case and not to any extrajudicial conduct.

In addition, Plaintiff's assertion that this Court lost jurisdiction of this case once Plaintiff filed his Complaint is completely unfounded in law and reason. Mr. Clarke's theory suggests that any litigant unhappy with a judge's ruling during the course of a case can force the judge to recuse himself from that case by filing a civil lawsuit against the judge. Many Courts have considered this theory and found that it lacks merit, and this Court rejects it as well. See, e.g., United States v. Bray, 546 F.2d 851, 858 (10th Cir. 1976) (finding that Plaintiff failed to prove bias after: (1) obtaining 2000 signatures from

3

persons seeking to remove the judge; (2) writing an article critical of the judge; (3) having a prior case dismissed by the judge; (4) writing a protest telegram to the judge; and (5) filing a brief with the court accusing the judge of bribery, conspiracy, and obstruction of justice). Accordingly, Plaintiff fails to meet the threshold showing required by 28 U.S.C. § 144.

The Court also notes that Plaintiff's argument fails under 28 U.S.C. § 455, which states: "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455 was not designed nor intended "to be used as a judge shopping device." Nicholas v. Alley, 71 F.3d 347, 351 (10th Cir. 1995). Courts have found that where grounds of recusal consist of "judicial rulings [and] routine trial administration efforts" that occur "in the course of judicial proceedings," recusal is not appropriate absent a showing that those rulings either "relied upon knowledge acquired outside such proceedings [or] displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." Liteky v. United States, 510 U.S. 540, 556 (1994).

In this Circuit, the test to determine whether a judge should recuse himself under 28 U.S.C. § 455 "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." McWhorter v. City of Birmingham, 906 F.2d 674, 678 (11th Cir. 1990). Furthermore, "a judge's rulings in the same or a related case may not serve as the basis for a recusal motion. The judge's bias must be personal and extrajudicial; it must derive from something other than that which the judge learned by

4

participating in the case." Id. Also, a judge cannot be disqualified "merely because a litigant sues or threatens to sue him." Woodruff v. McLane, 2006 WL 3436045 (M.D. Ga. November 29, 2006); see also United States v. Pryor, 960 F.2d 1, 3 (1st Cir. 1992) ("It cannot be that an automatic recusal can be obtained by the simple act of suing the judge."); Fowler v. United States, 699 F. Supp. 925, 928 (M.D. Ga. 1988) (finding that litigant unhappy with judge's decision cannot force judge to recuse himself from future cases by simply bringing a civil action against him).

In the instant case, Plaintiff's conclusory claims concerning the undersigned's prejudice against him flows directly from disagreements about this Court's decision to moot his Motion to Comply after the named Defendants filed the required disclosure statements. The Court surmises that Plaintiff's disagreement stems from the fact that this Court failed to admonish the Defendants for their tardiness in filing the required disclosure statement as he had requested. This act, or failure to act, on the Court's part was judicial in nature and demonstrated no personal prejudice towards the Plaintiff. In addition, this Court retains jurisdiction over this case and the fact that Plaintiff filed a lawsuit against the undersigned changes nothing. Fowler v. United States, 699 F. Supp. at 928. Accordingly, the undersigned finds no basis for recusing himself from the instant case

## Conclusion

For the foregoing reasons, this Court finds that the Plaintiff has failed to carry his burden and have this Court recuse itself from presiding over the present case. Accordingly, it is

5

**ORDERED, DECREED AND ADJUDGED**

1. Plaintiff's Motion to Recuse (Doc. No. 37; filed December 13, 2006) is **DENIED.**

**DONE AND ENTERED** at Jacksonville, Florida, this 26 day of January, 2007.

HARVEY E. SCHLESINGER
United States District Judge

Copies to:
George A. Clark, pro se
William W. Calhoun, Esq.
Amy E. Fouts, Esq.
William David Gifford, AUSA
Chief Judge W. Louis Sands
Darlene Pino